IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| CASPER SLEEP INC., PHILIP KRIM, | : **SECURITIES EXCHANGE ACT OF 1934** |
| ANTHONY FLORENCE, DIANE IRVINE, | : |
| KAREN KATZ, JACK LAZAR, BEN | : |
| LERER, NEIL PARIKH, and DANI REISS, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On November 14, 2021, Casper Sleep Inc. ("Casper" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Marlin Parent, Inc. ("Parent") and Marlin Merger Sub, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Casper's stockholders will receive $6.90 in cash per share.

3. On December 14, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Casper common stock. Plaintiff is a resident of this District.

9. Defendant Casper is a Delaware corporation. Casper's common stock is traded on the New York Stock Exchange under the ticker symbol "CSPR."

10. Defendant Philip Krim is Chief Executive Officer and Chairman of the Board of Directors of Casper (the "Board").

11. Defendant Anthony Florence is a member of the Board.

12. Defendant Diane Irvine is a member of the Board.

13. Defendant Karen Katz is a member of the Board.

14. Defendant Jack Lazar is a member of the Board.

15. Defendant Ben Lerer is a member of the Board.

16. Defendant Neil Parikh is a member of the Board.

17. Defendant Dani Reiss is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Casper has a full portfolio of sleep products including mattresses, pillows, bedding, and furniture designed in-house by the Company's team at Casper Labs.

20. On November 14, 2021, Casper entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Casper Sleep Inc. (NYSE: CSPR) ("Casper" or "the Company") announced today that it entered into a definitive agreement to be acquired by Durational Capital Management LP ("Durational"). Under the terms of the agreement, Casper common stockholders will receive cash consideration of $6.90 per share, representing a 94% premium to the closing share price on November 12, 2021, the last trading day prior to this announcement and a premium of approximately 80% to the 30-day volume weighted average price ending November 12, 2021

**Transaction Details**

Casper's Board of Directors has unanimously approved the transaction and recommends that Casper stockholders approve the transaction and adopt the merger agreement. The transaction is expected to close in the first quarter of 2022 and is subject to customary closing conditions, including Casper stockholder approval. Officers and directors of Casper and affiliated investors, who in the aggregate own or control approximately 28% of the Company's outstanding shares, have agreed to vote in favor of the transaction. Upon closing the transaction, Casper will operate as a privately-held company and will remain based in New York.

The transaction is not subject to a financing condition and Durational has committed debt financing led by KKR Credit and Callodine Commercial Finance, LLC.

**Casper Sleep CEO Comment**

"We are delighted to announce this transaction with Durational Capital Management that creates immediate and substantial value for shareholders, and allows Casper to move forward on strong financial footing," said Casper's Co-Founder and Chief Executive Officer, Philip Krim. "In consultation with outside advisors, Casper's Board of Directors evaluated a range of strategic and financial alternatives over several months and determined, after careful consideration, that the transaction proposed by Durational is superior to all other alternatives available. With a commitment to maximizing value for all shareholders, the Board unanimously supports the offer from Durational and recommends that shareholders approve the transaction. This agreement offers a promising opportunity to realize the highest value for our stockholders while providing Casper with much needed capital to execute on future initiatives to sustain and grow its business."

**Durational Capital Management Comment**

"We are excited to invest in Casper given its iconic brand, strong growth profile and track record of innovation," said Eric Sobotka, Managing Partner at Durational Capital Management.

Matthew Bradshaw, Managing Partner at Durational Capital Management, added: "With its world-class products and focus on health and wellness, we believe Casper is well-positioned for future success. We look forward to partnering with the Casper team to build on the strength of the brand and to create new opportunities for the company to thrive."

**Advisors**

Jefferies LLC is serving as financial advisor and Latham & Watkins LLP is serving as legal advisor to Casper Sleep Inc. in connection with the proposed transaction. Kirkland & Ellis LLP is serving as legal advisor to Durational Capital Management in connection with the proposed transaction.

22.     On December 14, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

23.     The Proxy fails to disclose material information regarding Casper's financial projections, specifically: the line items underlying the financial projections.

Financial Analyses

24.     The Proxy fails to disclose material information regarding the financial analyses

conducted by Jefferies LLC ("Jefferies").

25. Regarding Jefferies' Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Jefferies; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Jefferies; (iii) net debt; and (iv) the Casper fully diluted shares outstanding utilized by Jefferies.

26. Regarding Jefferies' Selected Public Companies Analysis, the Proxy fails to disclose the individual multiples for the companies utilized by Jefferies.

27. Regarding Jefferies' Premiums Paid Analysis, the Proxy fails to disclose: (i) the transactions utilized by Jefferies; and (ii) the premiums paid in the transactions utilized by Jefferies.

## COUNT I

**Claim Against the Individual Defendants and Casper for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

28. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

29. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

30. Casper is liable as the issuer of these statements.

31. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

32. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

33. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

34. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

35. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

36. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

37. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

38. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Casper within the meaning of Section 20(a) of the Exchange Act as alleged herein.

40. Due to their positions as officers and/or directors of Casper and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

6

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

43. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

44. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

46. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

47. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: December 23, 2021

**GRABAR LAW OFFICE**

By: *[signature]*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*